USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/30/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANITY GERENA,

                    Plaintiff,

        -against-

A & J SOSSOU LLC and AYAO G. SOSSOU,

                    Defendants.

25-CV-10382 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      This is a personal injury action arising from a car accident that occurred on November 30, 2023. Plaintiff Vanity Gerena drove one vehicle. Defendant Ayao G. Sossou drove the other. The accident spurred Plaintiff to file a complaint in New York Supreme Court on April 15, 2025, naming as defendants A & J Sossou LLC and Ayao G. Sossou. *See* Dkt. No. 1-1 at 2. In her complaint, Plaintiff alleges that she suffered "serious injuries" due to the accident and that she was "damaged in a sum that exceeds the jurisdictional limits of all lower courts." *Id.* ¶¶ 27, 29. Defendants answered the complaint on May 30, 2025. Dkt. No. 1-2. Defendants then removed the action to this Court on December 15, 2025, based on diversity. Dkt. No. 1. The notice of removal states there is complete diversity because Plaintiff is a citizen of New York, and all Defendants are residents of Connecticut. It also avers that "the amount in controversy exceeds the sum of $75,000." *Id.* ¶ 7.

      The notice of removal raises at least two issues that implicate the Court's subject matter jurisdiction.[1]

      First, it comes over 30 days after Defendants received notice of the lawsuit. Section 1446 establishes that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days" of a defendant receiving a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). This 30-day clock begins to tick once a defendant can "intelligently ascertain removability from the face" of a pleading. *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001). In diversity cases, that usually means when "the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). The notice of removal does not indicate when Defendants received notice of the lawsuit. Nor does it indicate when Defendants became aware, if ever, that the amount in controversy exceeded $75,000.

      Second, albeit relatedly, the notice of removal does not include allegations supporting that the amount in controversy exceeds $75,000. New York law precludes a plaintiff from

---

[1] The Court may *sua sponte* remand a case for lack of subject matter jurisdiction. *See Mitskovski v. Buaffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133–34 (2d Cir. 2006).

demanding a fixed amount of damages in a complaint. C.P.L.R. § 3017(c).[2] Where a State law precludes a complaint from stating an amount of damages, federal statute provides that "removal is proper only if 'the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].'" *Barett v. TP Trucking Co.*, No. 7:20-CV-02937 (PMH), 2020 WL 1862362, at *2 (S.D.N.Y. Apr. 14, 2020) (quoting 28 U.S.C. § 1446(c)(2)).

Defendants' notice of removal does not permit the Court to infer that the amount in controversy exceeds $75,000, because it does not explain *why* the amount in controversy requirement is met. Nor does the complaint or answer, attached to the notice of removal, supply this inference. The complaint states that Plaintiff "was caused to sustain serious injuries and to have suffered, pain, shock, and mental anguish." Dkt. No. 1-1 ¶ 27. And it states Plaintiff was "damaged in a sum that exceeds the jurisdictional limits of all lower courts," *Id.* ¶ 29, which in New York is $20,000, N.Y. Const. Art. VI, § 11(a). These allegations, together or alone, do not establish by a preponderance of the evidence that the amount in controversy requirement is met. *Accord Davis v. Espinal-Vasquez*, No. 21-CV-07819 (KMK), 2022 WL 2720731, at *4 (S.D.N.Y. June 22, 2022); *Frierson v. Bay Shippers, LLC*, No. 24-CV-2952 (PKC), 2024 WL 1835355, at *3 (E.D.N.Y. Apr. 26, 2024). The Court further notes that Plaintiff's bill of particulars filed in the State court listed only $20,000 in medical bills following the accident. *See* Bill of Particulars ¶ 8, *Gerena v. A & J Sossou LLC, et al.*, No. 808490/2025E (N.Y. Sup. Ct., Bronx Cnty.) (Dkt. No. 15, filed on November 19, 2025); *see id.* (specifying that the $20,000 is inclusive of physician services, nursing services, medical supplies, and hospital expenses; and that loss of earnings is "[n]ot applicable"). The Court therefore has serious doubts about whether this case meets the amount in controversy requirement for the Court to exercise diversity jurisdiction.

Accordingly, Defendants are hereby ORDERED to file a letter on or before **January 9, 2026**, that indicates:

(1) When Defendants were served with the pleadings;

(2) When and how Defendants received notice that the amount in controversy exceeded $75,000; and

(3) Whether, and if so why, the complaint or subsequent filings establishes that the amount in controversy exceeds $75,000.

---

[2] "In an action to recover damages for personal injuries or wrongful death, the complaint, counterclaim, cross-claim, interpleader complaint, and third-party complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleaders deems himself entitled." N.Y. C.P.L.R. § 3017(c).

2

If Defendants fail to timely file the Court-ordered letter, or if the letter does not establish that the jurisdictional requirements are met, the Court will remand this matter to the State court without further notice to either party.

Dated:  December 30, 2025
        New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge